986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leroy MERRITT, Defendant-Appellant.
 No. 91-5194.
 United States Court of Appeals, Tenth Circuit.
 Jan. 26, 1993.
 
 Before McKAY, Chief Judge, STEPHEN H. ANDERSON, Circuit Judge, and MECHEM,[1] District Judge.
 ORDER AND JUDGMENT[2]
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Leroy Merritt appeals his conviction for being a felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1).
 
 
 3
 Defendant's appointed trial counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), requesting leave to withdraw. The defendant has filed a pro se brief. Specifically, defendant asserts that the district court erred in denying his Motion to Suppress the firearm which was seized in this case and that he was denied effective assistance of counsel at trial.
 
 
 4
 After a review of the record and an independent review of the allegations and arguments contained in defense counsel's Anders brief and defendant's pro se brief, we affirm.
 
 
 5
 * Defendant Merritt argues that he was subjected to an unconstitutional search and seizure and that the district court erred in denying his Motion to Suppress. In reviewing the denial of a motion to suppress, a district court's findings must be accepted unless clearly erroneous and the evidence must be viewed in the light most favorable to the district court's findings. United States v. Lopez, 777 F.2d 543, 548 (10th Cir.1985).
 
 
 6
 The record reveals that Tulsa police officers observed the defendant staggering down the street. As officers approached, they noticed that the defendant had his right hand inside his coat pocket. Defendant was requested to remove his hand from the pocket. When defendant did not respond, a second request was made to which defendant replied with slurred speech that he was not trying to hide anything. When officers were within arms reach of the defendant, he began to open his overcoat, at which point officer Moore grabbed defendant's hand and conducted a pat-down search of defendant's overcoat. Officer Moore testified that when he felt a hard object inside defendant's coat, he feared for his safety and reached inside the coat and removed a shotgun.
 
 
 7
 After a thorough review of the record, we conclude that defendant's claim is without merit. Under Oklahoma law, it is a misdemeanor to be intoxicated in public. Okla.Stat.Ann. tit. 37, § 537(A)(8) (West 1990). Accordingly, after viewing the defendant stagger down the street, the police officers were entitled to question him. Defendant's subsequent conduct justified the frisk or pat down that produced the shotgun. Terry v. Ohio, 392 U.S. 1, 27 (1968). Accordingly, we hold that the district court did not err in denying defendant's Motion to Suppress.
 
 II
 
 8
 Defendant also argues that he was denied effective assistance of counsel because his trial counsel failed to adequately question officer Moore at the suppression hearing and failed to put the defendant on the stand during the hearing so the court could judge his demeanor.
 
 
 9
 To establish an ineffective assistance of counsel claim, defendant must show both that counsel's representation was deficient and that but for the deficient performance, there is a reasonable probability that the outcome of the proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 687, 694 (1983). After a thorough review of the record, we are satisfied that defense counsel's representation "[fell] within the wide range of reasonable professional assistance." Id. at 689. Accordingly, we hold that defendant's ineffective assistance of counsel claim is without merit.
 
 
 10
 The judgment is AFFIRMED.
 
 
 
 [1]
 The Honorable Edwin L. Mechem, Senior United States District Judge for the District of New Mexico, sitting by designation
 
 
 [2]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3